2006 OK CIV APP 14

**In the Matter of the Protest of ADWAY PROPERTIES, INC. to the Audit and Registration Fees Assessment Under the International Registration Plan,**

**Adway Properties, Inc., Appellant,**

**v.**

**State of Oklahoma ex rel., Oklahoma Tax Commission, Appellee.**

**No. 102,304.**

Court of Civil Appeals of Oklahoma, Division No. 1.

Jan. 13, 2006.

David B. Schneider, Oklahoma City, OK, for Plaintiff/Appellant.

Douglas B. Allen, General Counsel, Marjorie L. Welch, First Deputy General Counsel, Oklahoma Tax Commission, Oklahoma City, OK, for Defendant/Appellee.

Opinion by CAROL M. HANSEN, Judge.

¶1 Appellant, Adway Properties, Inc. (Adway), seeks review of the order of Appellee, State of Oklahoma ex rel. Oklahoma Tax Commission (Commission), denying its protest of the assessment of additional trucking fees after an audit. We affirm because the order is supported by substantial evidence and is not contrary to law.

¶2 As authorized by 47 O.S.Supp.2004 § 1120, the State of Oklahoma is a participant in the International Registration Plan (IRP), an interstate and international compact for the registration of commercial motor vehicles. Under the IRP, the operator of a fleet of commercial motor vehicles registers the fleet only in the operator's base jurisdiction, and the base jurisdiction then apportions and distributes the fees paid by the registrant to the jurisdictions for which the registrant has requested and received authority to travel. Prior to July 1, 2005, the Tax Commission exercised the State's powers and duties under the IRP. The Corporation Commission now exercises that authority. Laws 2004, c. 522, § 1(B).

¶3 Adway, a motor vehicle equipment lessor, registered its fleet in Oklahoma. It leased its fleet to affiliated companies, Eagle Motor Lines (Eagle) and Skipper Motor Lines (Skipper), located in Alabama. Ken Adams was the principal of all three companies.

¶4 On April 10, 2002, Commission notified Adway it would conduct an audit of registration years (RY) 2000, 2001, and 2002.[1] It requested that Adway complete a pre-audit questionnaire regarding the vehicles operated and the nature of the records kept, and asked Adway to return the questionnaire with mileage summaries and drivers' trip reports for the specified periods. Adway's response to the questionnaire stated only that it was a leasing company and operated no equipment. It otherwise did not complete the questionnaire and provided no records.

¶5 Commission assigned an auditor to the matter on August 15, 2003. The auditor contacted Adway by letter, requesting summary workpapers for Adway's International Fuel Tax Agreement (IFTA) filings. Adway submitted the IFTA Quarterly Fuel Use Tax Schedules that Eagle had filed with the State of Alabama. The auditor completed an audit using the IFTA reports, but was unable to audit the mileage reported on the IFTA reports because Adway did not provide trip level records for individual vehicles.

¶6 The auditor compared the mileage listed on Eagle's IFTA reports with that Adway submitted on its IRP registration application, and calculated adjustments to each jurisdiction's apportioned registration fees. He totaled the underpayments to jurisdictions due additional fees, but did not offset the total by the overpayments to jurisdictions paid excess fees, citing Section 1704 of the IRP. The audit report stated, "No trip detail provided, so credit state balances are zeroed."

¶7 Based on the audit, Commission assessed additional IRP fees of $97,599.18 for RY2000, $7,306.80 for RY2001, and $10,434.74 for RY2002. Adway filed a protest and provided additional IFTA reports relating to RY2000. The Commission revised its assessment to $21,610.37 for

---

1. RY2000 was from July 1, 1998 to June 30, 1999, RY2001 was from July 1, 1999 to June 30, 2000, and RY 2002 was from July 1, 2000 to June 30, 2001.

RY2000, $9,943.00 for RY2001, and $9,732.99 for RY2002.

¶ 8 At hearing before an administrative law judge (ALJ) on Adway's protest, Adway argued it should receive credit for overpaid states because its trip level records were destroyed by acts of God. It put on evidence records of Eagle and Skipper were destroyed in a May 12, 2001 fire and a May 8, 2003 flood. The ALJ denied Adway's protest, concluding Adway as the IRP registrant failed to maintain records supporting its application for apportioned registration, and even if Adway had properly maintained records, the IRP does not contain an exception to the netting of credits for records destroyed by acts of God. Commission entered an order adopting the ALJ's order as its own. Adway appeals pursuant to 68 O.S.Supp.2002 § 225.

¶ 9 In a protest hearing before the Tax Commission, the protestant bears the burden of proving it is entitled to the relief requested. *Enterprise Management Consultants, Inc. v. State ex rel. Oklahoma Tax Com'n*, 1988 OK 91, 768 P.2d 359, 362 n. 11. In reviewing an order of the Tax Commission, we will examine the entire record to determine whether the findings and conclusions set forth in the order are supported by substantial evidence. We will affirm the order if it is supported by substantial evidence and is otherwise free of error. *Samson Hydrocarbons Co. v. Oklahoma Tax Com'n*, 1998 OK 82, 976 P.2d 532, 535.

¶ 10 Adway first contends Commission's conclusion Adway did not provide mileage records for audit is not supported by substantial evidence. It argues IFTA reports are adequate operational records for audit under the IRP. Commission argues the evidence shows Adway itself did not maintain records of the movements of its registered vehicles, and the records provided were not adequate operational records.

¶ 11 The IRP, § 1500, provides,

Any registrant whose application for apportioned registration has been accepted shall preserve the records on which it is based for a period of three years after the close of the registration year. Such records shall be made available to the Commissioner at his request for audit as to accuracy of computation, payments, and assessments for deficiencies or allowances for credits, during the normal business hours of the day.

If a registrant fails to preserve "records from which true liability may be determined," the Commissioner may impose an estimated liability using other available records. IRP, § 1502. The term "records" as used in these sections means "documents supporting the total distance traveled in each jurisdiction and total miles or kilometers traveled such as fuel reports, trip sheets and logs." IRP, § 232, and § 1500 Comment. The records should enable the auditor to verify fleet mileage. IRP, § 232 Comment.

¶ 12 Section 1704 of the IRP provides,

When the findings of an audit result in a net underpayment by the registrant, the base jurisdiction shall collect the amount of the underpayment from the registrant, pursuant to the base jurisdiction's laws and procedures. When the result is a net overpayment by the registrant, the base jurisdiction shall refund the amount of overpayment to the registrant. If the records are not made available, or if the records made available are inadequate for an examination, any credits calculated for jurisdictions which are caused by the inadequacy of records will not be reflected in the fees netted under Article XVI.

In other words, if the auditor is able to determine the registrant's true liability upon audit, the amount due to overpaid states is credited against the amount due to underpaid states. However, if the auditor must estimate the registrant's liability because the registrant failed to provide adequate records, the estimated credits are not used in determining the registrant's net liability.

¶ 13 Here, the parties agree Adway provided fuel reports but not trip records. The fuel reports were adequate to determine total mileage in each jurisdiction. However, Adway failed to provide primary records from which the auditor could verify the mileage secondarily reported in the fuel reports. Therefore, the auditor's determination of Adway's liability is only an estimated liability,

not a true liability. The Commission did not err as a matter of law in its application of § 1704, and its finding Adway failed to provide adequate records is supported by competent evidence.

¶ 14 Adway's second contention is Commission should have considered impossibility of performance to be an exception to the requirement of providing adequate records. The requirement in IRP, § 1500 for preservation of records has the status of an agency rule in Oklahoma. OAC 165:30–19–8 and 165:30–19–20(b)(1). Adway cites no rule allowing an exception for accidentally destroyed records and we find none. Adway made a business decision not to expend the resources necessary to secure its records against fire and flood damage. We will not intervene in either its business decisions or in Commission's application of the IRP's requirements.

¶ 15 For the foregoing reasons, Commission's order is AFFIRMED.

JOPLIN, J., and BELL, P.J., concur.